ANSTEAD, Judge,
specially concurring.
Although I agree with the conclusion of the majority, I write separately to note some of the difficulties faced by the trial court and this court in resolving the issue.
The majority holds that the plain meaning of section 240.253, Florida Statutes (1991), limits access to any and all material that relates to employee evaluation, and leaves it to the university to decide which of its records are covered, presumably on an ad hoc basis. I do not believe such a broad delegation of authority was intended. Vesting such authority in the university could well run afoul of the constitutional prohibition on delegating legislative power.
I find the provisions of Rule 5.005 to be ambiguous and require further information to interpret the rule. First, there is little doubt that section 240.253 grants an exemption from public disclosure to “limited access employee records.... ” However, that section leaves it to the individual university to “prescribe the content and custody” of such records, and provides that such records “shall be limited to information reflecting evaluations of employee performance .... ” By this grant of authority I believe the statute intended that the university adopt some written policy prescribing the content and custody of such records. Indeed, at least one modern dictionary’s definition of “prescribe” is “to set down as a rule or guide.” The American Heritage Dictionary, Second College Edition.
Florida Atlantic did adopt a written policy on this issue with the adoption of Rule 6C5-5.005. However, that rule must be considered in the context it appears in the personnel rules, and especially with reference to the preceding rule providing for faculty evaluations:
6C5-5.004 Faculty Evaluation.
(1) The following will implement the provisions of 6C-5.221, F.A.C., which requires that each faculty member be evaluated annually on the basis of his or her total performance in fulfilling responsibilities to the University.
*1027 (2) The annual evaluation shall take place during the Spring Semester and shall evaluate the faculty member’s performance during the previous calendar year.
(3) Each Department Chairperson or comparable administrator in an academic unit shall be responsible for developing and collecting appropriate date [sic] required to evaluate the teaching, research and other creative activities, service and other University duties of each department faculty member. Faculty members with duties performed under the supervision of University officials such as Deans, Directors or the University Provost may have the performance of these duties evaluated by their immediate supervisors.
(4) A faculty member’s performance evaluation shall include a summary written by the Department Chairperson based where appropriate upon evaluations by the member’s colleagues and consideration of student evaluations of teaching. In completing this summary cognizance shall be taken of the duties formally assigned to the faculty member each term.
(5) Evaluation shall be based on performance in the areas of teaching, research and other creative activity, service including service to public schools where applicable and other University duties.
(6) Where appropriate, the evaluation shall include evaluations by students, other faculty members, public school officials, and other University officials responsible for supervision of the faculty member.
Specific Authority 240.227(1). 240.245(1) FS Law Implemented 240.245 FS History-New 7-20-76. Formerly 6C5-5.04, Amended 11-11-87.
6C5-5.005 Limited Access to Employee Records.
The contents of employee evaluation files shall be confidential and shall conform to the requirements of applicable law, rules and collective bargaining agreements. Employee evaluation files shall not be disclosed except to the evaluated employee, to persons so authorized by the employee, to University officials whose duties require access to the file in accordance with University and departmental evaluation and supervisory procedures, to the President and to the President’s designees in the discharge of official responsibilities as provided in 6C5-1.002 and as may be provided by law. Refer to FAU Rule 6C5-1.002, F.A.C.
Specific Authority 240.227(1). 240.253 FS Law Implemented 240.453 FS History-New 10-17-79, Formerly 6C5-5.05, Amended 11-11-87.
When reading these sections together it may appear that Rule 5.005 specifically refers to the evaluations contemplated by Rule 5.004. In fact, it is undisputed that Rule 5.005 controls access to the records referred to in Rule 5.004. The issue is whether Rule 5.005 also limits access to other records concerning evaluation. For instance, tenure and promotion are covered by other rules and those rules contain no specific provision for confidentiality.
While I conclude that tenure and promotion records are covered by Rule 5.005,1 do so because such a construction not only makes good sense, but it is also consistent with the intent underlying the legislative exemption contained in section 240.253, as well as the confidentiality provisions of the parties’ collective bargaining agreement. As noted in the majority opinion we have been cited to the legislative purpose in granting the exemption. The House of Representatives Committee on Governmental Operations, Final Staff Analysis dated June 13, 1988 states in Part IV COMMENTS:
The exemption meets the first criterion [identifiable public purpose]. It allows the Board of Regents and the universities to effectively and efficiently administer the university program by attracting and retaining employees of the highest caliber. Confidentiality of peer review evaluations which are conducted for the purpose of tenure, promotion, and retention, is important to insure candor and frankness by the evaluators. Confidentiality also facilitates the remediation process, [emphasis added].
*1028 The November 4, 1987 Senate Committee on Education staff analysis noted on page 2 under Present Situation:
. by including peer evaluations as part of limited access records, the exemption safeguards candor, promotes eollegi-ality, discourages mediocrity, and generally enhances the peer review process. If these records were not exempt from public inspection, universities might find it difficult to continue to attract quality staffs.”
The collective bargaining agreement of the parties reflects the same broad intent:
11.8 Confidentiality.
Except as noted above, only the employee and the employee’s representative, and university and Board officials responsible for the supervision or evaluation of the employee, may inspect information reflecting evaluation of employee performance contained in the employee’s evaluation file, except upon order of a court of competent jurisdiction.[5]
By other express provisions the bargaining agreement actually requires the tenure and promotion information to be kept in separate files from the employee’s evaluation file, but expressly applies these confidentiality provisions to tenure and promotion material.
These provisions indicate that the entire peer review process, including decisions about tenure and promotion, were intended to be confidential, not only by the legislature, but also by the university and its employees. In light of these provisions, I resolve any ambiguity in Rule 5.005 in favor of including promotion and tenure materials under the rule’s confidentiality provisions.
Nevertheless, it is apparent that Florida Atlantic could have saved itself and everyone else a lot of trouble, by simply adopting a rule similar to the one adopted by other universities as quoted in the majority opinion. We have had to reconcile two strong public policies, one in favor of public access to government records, and the other in favor of confidentiality of public employee evaluations, simply because of the lack of a precise rule.

. No claim is made here that the records are subject to disclosure under the specific provision for disclosure upon order of a court of competent jurisdiction.